# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GREEN, et al. | § | |
| | § | |
| v. | § | Case No. 2:14-CV-0901-JRG-RSP |
| | § | |
| CHRYSLER GROUP LLC | § | |

## MEMORANDUM ORDER

Currently before the Court is Defendant Chrysler Group LLC's Motion to Transfer Venue (Dkt. No. 13), filed by Defendant on April 2, 2015. Relying on 28 U.S.C. §1404(a), Defendant seeks to transfer the case to the Lufkin Division of this Court.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests

decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15

## DISCUSSION

**A.     Proper Venue for the Case**

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

**B.     Private Interest Factors**

**1.     Relative Ease of Access to Sources of Proof**

This case arises out of a fatal automobile accident on State Highway 87 in Shelby County, Texas. The record shows that the collision site is 56.6 miles from the Lufkin courthouse and 62.1 miles from the Marshall courthouse. The county seat of Shelby County is Center, Texas, which is located 57 miles from the Marshall courthouse and 54 miles from Lufkin. The Sheriff and first responders for this accident are likely based in Center. The differences in these distances are insignificant.

This is a product liability claim involving the crashworthiness of the Plaintiff's Chrysler automobile, so the vehicle itself is a key source of proof. It is being stored in Dallas, Texas, which is somewhat closer to Marshall than to Lufkin. There are additional medical witnesses in

Tyler, Texas, which also is somewhat closer to Marshall than to Lufkin. On the whole, this factor is therefore neutral.

2. **Availability of Compulsory Process to Secure the Attendance of Witnesses**

Plaintiff has shown that Plaintiff Christopher Green was life flighted from the accident scene to the LSU Hospital in Shreveport, Louisiana, where he was hospitalized for 5 days. The physicians and other providers in Shreveport are within the trial subpoena power of the Court for trial in Marshall but not in Lufkin. Accordingly, this factor weighs against transfer in the convenience analysis.

3. **Cost of Attendance for Willing Witnesses**

Because the difference in distance for most of the witnesses will be 10 miles or less, the Court finds that there is no real difference in cost for attendance of willing witnesses. The Court finds that this factor is therefore neutral.

4. **All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive**

The parties have not identified any considerations that relate solely to this factor. However, the Court notes that this case has been set for trial in relatively short order, and any transfer will result in delay for all parties. Therefore, this factor weighs against transfer.

C. **Public Interest Factors**

1. **Administrative Difficulties Flowing From Court Congestion**

The parties have not identified any considerations that relate solely to this factor. However, the Court notes that the Marshall Division has time available to try this case and it would be inconvenient and inefficient for the Court to reassign this case to another judge in the Lufkin Division. This factor weighs against transfer.

2. **Local Interest in Having Localized Interests Decided at Home**

Given the minimal differences in distances between the venues at issue, this factor is of little weight, but does weigh slightly in favor of transfer.

3. **Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The parties have not identified any considerations that relate to these factors, and are therefore neutral.

## CONCLUSION

The Court finds that an intra-district transfer of this case from the Marshall Division to the Lufkin Division would create little, if any, convenience for willing witnesses and would deprive the Court of trial subpoena power over certain third party witnesses. Transfer would also delay the proceedings and create judicial inefficiencies. After considering all of the relevant factors, the Court finds that Defendant has not met its burden of showing that the Lufkin Division is clearly a more convenient forum for this case. Therefore, Defendant's motion to transfer (Dkt. No. 13) is DENIED.

**SIGNED this 22nd day of June, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE